IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE EUCLID CHEMICAL COMPANY, | ) CASE NO. 1:11-cv-135-SJD |
| | ) |
| Plaintiff, | ) Chief Judge Susan J. Dlott |
| | ) |
| v. | ) |
| | ) |
| ROBERT WARE, d/b/a | ) |
| ROBERT KELLY CONSTRUCTORS -- | ) |
| RKC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## CONFIDENTIALITY PROTECTIVE AGREEMENT

WHEREAS Plaintiff, The Euclid Chemical Company, and Defendant, RKC Increte Systems, Inc. (collectively, "Bound Parties," and individually, "Bound Party") jointly agree to this Confidentiality Protective Agreement ("Protective Order"); and

WHEREAS discovery in the above-captioned litigation ("Litigation") may require disclosure of confidential and/or trade secret materials and information, and the Bound Parties desire to maintain the confidentiality of such materials and information;

ACCORDINGLY, it is STIPULATED that each Bound Party to this Litigation, and anyone else who subsequently may subscribe to this Protective Order (by execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1 ("Confidentiality Undertaking"), the execution of which shall make such party a "Bound Party" and one of the "Bound Parties"), shall conduct himself/herself/itself as follows:

1. PROTECTED INFORMATION: This Protective Order shall govern all materials produced, disclosed, and submitted in this Litigation (collectively, "Lawsuit Information").

2. Lawsuit Information designated for protection under this Protective Order shall be designated as "CONFIDENTIAL" by the entity or individual producing it ("Producing Party") prior to disclosing it to the entity or individual receiving it ("Receiving Party"), and any documents or information derived therefrom, shall be used solely for purposes of this Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the public, government or media, or in any other litigation or investigatory proceeding. Lawsuit Information designated as CONFIDENTIAL constitutes "Protected Information" under this Protective Order.

3. The "CONFIDENTIAL" designation may be applied to Lawsuit Information that the Producing Party reasonably and in good faith determines to constitute nonpublic material that is not generally available, including but not limited to confidential research, development, financial, technical, marketing, business or commercial information ("Confidential Information").

4. "CONFIDENTIAL OR PROTECTION INFORMATION" does not include documents or information that:

(a) was already in the possession of the Receiving Party at the time it was disclosed, other than by previous disclosure by Producing Party;

(b) is at the time of disclosure or later becomes publicly known under circumstances involving no breach of this Protective Order or any other fault by Receiving Party;

(c) is lawfully and in good faith made available to Receiving Party by a third party who is not subject to the obligations of confidentiality to Disclosing Party with respect to such information;

(d)    is independently developed by Receiving Party without the use of Disclosing Party's Confidential or Protected Information; or

(e)    has to be revealed according to a court determination or administrative order.

5.    CONFIDENTIAL DISCOVERY MATERIAL: To designate and categorize written Lawsuit Information as Confidential Information, the Producing Party shall stamp "CONFIDENTIAL" or similar language on each page of such information or documents. A Producing Party may permit a Receiving Party to review Confidential Information prior to marking it without waiving the right to later mark or designate it as "CONFIDENTIAL" if the Producing Party designated it as such to Receiving Party prior to disclosure. The designation and classification of information as Confidential Information shall bring that information under the protections of this Protective Order.

6.    Confidential Information designated pursuant to Paragraph 4 may be disclosed only to the following persons, each of whom shall be deemed a "Receiving Party" for purposes of this Protective Order:

(a)    Attorneys from any law firm that is counsel of record for any Bound Party in this Litigation, and in-house counsel for any Bound Party.

(b)    The Bound Parties;

(c)    Witnesses who may or will testify at any hearing or trial in this Litigation and who have executed a Confidentiality Undertaking prior to disclosure;

(d)    Independent consultants and experts, to the extent disclosure is necessary for their services in connection with this Litigation, provided that such consultants and experts have executed a Confidentiality Undertaking prior to disclosure;

(e) Outside contractors hired by any of the parties designated in 5(a), (b), (c), and (d) to copy, index, sort, or otherwise manage the storage and retrieval of Lawsuit Information, provided that such outside contractors have agreed in writing to keep confidential any Confidential Information to which they have access;

(f) Secretarial, clerical and legal assistants working under the supervision of the parties designated in Paragraphs 5(a), (b), (c), and (d) assigned to and necessary to assist in the conduct of this Litigation;

(g) Any other individual falling within the provisions of Paragraph 9; and

(h) The Court and its staff.

7. Confidential Information may be given to persons or entities not listed in Paragraph 5 who have executed a Confidentiality Undertaking only upon the prior written consent of the Producing Party.

8. For purposes of Paragraphs 4 and 5, information produced or provided on a computer disk, data tape or other medium that has not been reduced to paper form may be designated as Confidential Information by informing all parties to the Litigation in writing that the computer disk, data tape or other medium contains Confidential Information.

9. In the event that any question is asked at any trial or hearing in this matter with respect to which a party to this Litigation asserts that the answer requires the disclosure of Protected Information, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present -- other than those who are persons covered by Paragraph 5 of this Protective Order -- shall be advised of and shall agree to the terms and conditions of the Protective Order. At the request of the Producing Party, all persons,

other than the witness and the witness' counsel who have not consented to be bound by this Protective Order shall leave the room during the time in which this information is disclosed.

10. PRODUCTION BY THIRD PARTIES: Any third party producing confidential information in connection with this Litigation and who has executed a Confidentiality Undertaking shall have the right to designate their own information as Confidential Information subject to the terms of this Protective Order, and to the extent that any third party thus produces information subject to the terms of this Protective Order, the Bound Parties agree to treat the third party's Protected Information in accordance with the terms of this Protective Order.

11. MISCELLANEOUS PROVISIONS: Nothing in this Protective Order shall prohibit a Bound Party or its counsel from disclosing a document containing Protected Information to any individual that the document clearly identifies as an author, addressee, or carbon copy recipient.

12. After the final disposition of this Litigation, whether by settlement, dismissal, or decision by the Court ("Final Disposition"), and within thirty (30) calendar days of a request by the Producing Party, all Receiving Parties shall, at their election, either return all Protected Information and all copies thereof to the Producing Party or destroy all Protected Information and all copies thereof. Within ten (10) days after the Final Disposition, the Bound Parties shall produce to all other Bound Parties all Confidentiality Undertakings executed under this Protective Order, except for those executed by non-testifying experts and non-testifying consultants. All Receiving Parties shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the Producing Party. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each Bound Party as archival records or other

attorney work-product created for any Bound Party. Any Protected Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this Paragraph, shall remain subject to the terms of this Protective Order.

13. If a Receiving Party receives a subpoena or other form of compulsory process from a third party seeking production or other disclosure of Protected Information, it immediately shall give written notice to the Producing Party that designated the Protected Information, specifying the Protected Information sought by the third party and enclosing a copy of the subpoena or other form of compulsory process. In no event shall production or disclosure be made before twenty-one (21) calendar days after giving such notice to the Producing Party unless specifically ordered by a court.

14. The treatment accorded Protected Information under this Protective Order shall survive the Final Disposition of the Lawsuit.

**WE SO STIPULATE
and agree to abide by the
terms of this Agreement**

_____
Signature

Counsel for: <u>The Euclid Chemical Co.</u>

Dated: 9-21-12

/s/ Ken Flacks (per email consent)
Signature

Counsel for: <u>RKC Increte Systems, Inc.</u>

Dated: 9/21/12

Karen L. Litkovitz
U.S. Magistrate Judge
9/24/12

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE EUCLID CHEMICAL COMPANY, | ) CASE NO. 1:11-cv-135-SJD |
| Plaintiff, | ) Chief Judge Susan J. Dlott |
| v. | ) |
| ROBERT WARE, d/b/a ROBERT KELLY CONSTRUCTORS -- RKC, *et al.*, | ) |
| Defendants. | ) |

I, _____, hereby acknowledge that I have read the CONFIDENTIALITY PROTECTIVE AGREEMENT agreed to by the parties in the above-captioned action ("Protective Order"), that I am one of the persons contemplated in the Protective Order as authorized to receive Protected Information (as defined in the Protective Order), and that I fully understand and agree to abide by the obligations and conditions of the Protective Order. I agree that I shall be deemed a Bound Party (as defined in the Protective Order), and I agree to maintain any Protected Information that comes into my possession in a separate and identifiable file, access to which is appropriately restricted.

Upon the conclusion of the litigation and any appeals related thereto, or when I no longer have any reason to possess the Confidential Protected Information, whichever shall first occur, I hereby agree to return all copies of information designated as "Confidential" to the party who furnished the same to me or certify that the same has been destroyed.

Designated to receive:

_____
(Signature)

[ ] Confidential Information

_____
(Printed or Typed Name)

_____
(Dated)

_____
(Title or Position)

_____
(Street)

_____
(City, State, Zip Code)